**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADAM ROEDER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTION BUREAU OF THE HUDSON VALLEY, INC., a New York corporation,<br><br>Defendant. | NO. 20-6200<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Adam Roeder ("Plaintiff Roeder" or "Roeder") brings this Class Action Complaint and Demand for Jury Trial against Defendant Collection Bureau Of The Hudson Valley, Inc. ("Defendant" or "CBHV") to stop CBHV from violating the Telephone Consumer Protection Act by making prerecorded calls to consumers *without their consent*, and to otherwise obtain injunctive and monetary relief for all persons injured by CBHV's conduct. Plaintiff Roeder, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Adam Roeder is a resident of West Henrietta, New York.

2. Defendant CBHV is a New York corporation headquartered in Newburgh, New York. Defendant conducts business throughout this District, New York, and the United States.

1

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." *See* 47 U.S.C. §227 (b)(1)(A)(iii).

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day,. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

### Introduction to CBHV

14. CBHV is a private third-party debt collection agency.[3]

15. As part of its business, CBHV contacts consumers to collect on debts using prerecorded voice messages.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/cbhv/about/

16. CBHV engages in skip-tracing to call consumers who can assist CBHV in tracking down consumers with outstanding debts. Such consumers receive prerecorded calls, despite the fact that they never provided consent to receive such calls.

17. Unfortunately, CBHV lacks a sufficient opt-out system that results in consumers being inundated with calls, even after informing CBHV that it is calling the wrong number.

18. In Plaintiff Roeder's case, CBHV placed at least 1 prerecorded call to Roeder's cell phone number, despite being told by the Plaintiff that CBHV was calling the wrong number.

19. In response to these calls, Plaintiff Roeder files this lawsuit seeking injunctive relief requiring Defendant to cease from violating the Telephone Consumer Protection Act by placing calls to consumers' cellular telephone numbers using prerecorded messages without consent, as well as an award of statutory damages to the members of the Class and costs.

**CBHV Places Prerecorded Calls to Consumer Cell Phones Without Consent**

20. Defendant fails to obtain any consent at all prior to placing prerecorded calls to cellular telephone numbers such as those of Plaintiff Roeder.

21. In fact, CBHV is open about its practice of engaging in skip-tracing, a procedure that is used to track down consumers with outstanding debts by calling consumers who may know or assist CBHV in reaching these delinquent consumers.

22. On its main website, CBHV states:

> **Skip Tracing Procedures**
> CBHV has a waterfall process using many of the top skip tracing vendors in the country. We are continually working to improve this process. Our letter vendor also uses NCOA (National Change of Address). [7]

---

[7] https://www.cbhv.com/services/

4

23. There are a plethora of complaints posted online about unwanted calls that consumers have received from CBHV:

- "from Syosset,New York. We were called twice by this number in one day regarding $6000 credit card debt. The fact is that I don't have any credit card at all."[8]

- "Robocall said it was from Hudson Collection Bureau and it was important to call back about an important credit issue--I don't have any credit issue, important or otherwise."[9]

- "Spammer- "debt collector of the Hudson Valley". Called and left a message for me to call them back at this number. I do no have any debt collections and a solid credit score. They are phishing for information that they can use or sell...report and or ignore them. They also use this number (845) 913-7499"[10]

- "This is the number and the call said it was 'Lisa' but I have no debts. And they didn't leave me a vm."[11]

- "I have received voicemails from this number. Sometimes it's a different number. The voicemail sounds like a recording. I was going through my voicemails and found this number online to cause harassment. I'm not sure if I have any outstanding depts but I certainly don't have any businesses with this particular agency."[12]

- "Got a call from this weird number . I looked up the number and it looks like its the bill collectors called Collection Bureau Hudson Valley. No idea why they're calling."[13]

- "Some overzealous collection agency. I told them they had he wrong number, but they apparently don't care. I blocked them."[14]

- "Phoned and left no message. I've received no letter, and to my knowledge, owe no one."[15]

---

[8] https://findwhocallsyou.com/5167349363?CallerInfo
[9] https://800notes.com/Phone.aspx/1-888-913-7499
[10] *Id.*
[11] *Id.*
[12] https://www.agrusslawfirm.com/collection_agencies/collection-bureau-hudson-valley/888-913-7499
[13] https://www.whycall.me/888-913-7499.html
[14] https://800notes.com/Phone.aspx/1-845-913-7499
[15] *Id.*

5

- "Keeps calling from this #. I owe no one money. Thank you."[16]

## PLAINTIFF ROEDER'S ALLEGATIONS

### CBHV Placed Repeated Prerecorded Calls to Plaintiff Roeder's Cell Phone Number Without His Consent, Despite a Request for the Calls to Stop

24. In late December 2019 or January 2020, Plaintiff Roeder received a call to his cell phone from the Defendant. This call was not answered.

25. Plaintiff looked up the phone number online and found that it was identified as Defendant's number.

26. Plaintiff then called the main office number for Defendant that he found from their website. Plaintiff told the agent that he received a call, but that the call was not for him. Plaintiff made it clear that Defendant was calling the wrong number and to stop calling his phone number.

27. The agent simply said, "Okay" and ended the call.

28. Despite letting Defendant know that it was calling the wrong phone number, Plaintiff received a 2nd call on May 26, 2020 at 12:27 PM to his cell phone number from Defendant using phone number 845-913-7499.

29. Plaintiff did not answer this call, but a prerecorded message was left on his voicemail, which Plaintiff listened to and heard:

> "This is the Collection Bureau of the Hudson Valley. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact our office about an important business matter at 1-888-913-7499."

30. The number 888-913-7499 is owned and controlled by the Defendant.

---

[16] *Id.*

31. Plaintiff Roeder received a 3rd call on June 2, 2020 at 4:41 PM to his cell phone number from Defendant using phone number 516-734-9363.

32. When Plaintiff answered the 3rd call, there was a 3 – 4 second pause before the live agent began speaking.

33. The agent identified herself as being with "CBHV" and asked to speak with Linda. Plaintiff Roeder told the agent that he had already asked for the calls to stop, as Defendant was calling the wrong phone number. The agent apologized and said that she would have Plaintiff's phone number removed from Defendant's system.

34. Plaintiff Roeder has never provided his cellular phone number to CBHV or otherwise consented to be called by them

35. The unauthorized telephone calls made by Defendant, as alleged herein, have harmed Plaintiff Roeder in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his cell phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

36. Seeking redress for these injuries, Plaintiff Roeder, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits calls using a prerecorded voice.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

37. Plaintiff Roeder brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Prerecorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on

behalf of Defendant) called on their cell phone number (2) using a prerecorded voice, and (3) for whom Defendant claims (a) they obtained the person's consent or cell phone number in the same manner as Defendant claims they supposedly obtained Plaintiff's consent or cell phone number, (b) they did not obtain prior express consent.

38. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Roeder anticipates the need to amend the Class definitions following appropriate discovery.

39. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

40. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Roeder and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed prerecorded voice message calls to Plaintiff Roeder and members of the Prerecorded Class without first obtaining consent to make the calls;

(b) whether Defendant's conduct constitutes a violation of the TCPA ; and

(c) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff Roeder will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in

class actions. Plaintiff Roeder has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Roeder and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Roeder nor his counsel have any interest adverse to the Class.

**Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classe uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Roeder. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Roeder and the Prerecorded Class)**

42. Plaintiff Roeder repeats and realleges paragraphs 1 through 41 of this Complaint and incorporates them by reference.

43. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff Roeder and the other members of the Prerecorded Class using a prerecorded voice.

44. These prerecorded voice calls were made *en masse* without the prior express consent of the Plaintiff Roeder and the other members of the Prerecorded Class.

45. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Roeder and the other members of the Prerecorded Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Roeder individually and on behalf of the Class, prays for the following relief:

46. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Roeder as the representative of the Class; and appointing his attorneys as Class Counsel;

47. An award of actual and/or statutory damages and costs;

48. An order declaring that Defendant's actions, as set out above, violate the TCPA;

49. An injunction requiring Defendant to cease all unlawful calling activity, and to otherwise protect the interests of the Classes; and

50. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Roeder requests a jury trial.

DATED this 6th day of August, 2020.

By: */s/ Stefan Coleman*
Stefan Coleman, Esq.
LAW OFFICES OF STEFAN COLEMAN, P.A.
Stefan Coleman (30188)
law@stefancoleman.com
11 Broadway, Suite 615
New York, NY 10001
Telephone: 877.333.9427
Fax: 888.498.8946

10

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff Roeder and the putative Class*

* *Pro Hac Vice motion forthcoming*