IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ADAM ROEDER**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**COLLECTION BUREAU OF THE HUDSON VALLEY, INC.,**<br><br>*Defendant.* | Case No. 7:20-cv-06200-JCM |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, the Plaintiff Adam Roeder ("Roeder") and Defendant Collection Bureau of the Hudson Valley, Inc. ("CBHV") (collectively, "Parties") in the above-captioned civil action have been, and/or will be, presented with discovery requests and/or deposition testimony seeking the production of documents and/or information that the Parties claim to contain trade secrets, confidential and proprietary information, or information of a personal or financial nature;

**WHEREAS**, each Party (as defined herein) maintains that the unprotected disclosure of its trade secret, confidential and proprietary information, or information of a personal or financial nature will be harmful to the Party producing the information and/or harmful to third parties; and

**WHEREAS**, the Parties desire to memorialize a framework regarding the use of trade secret and confidential and proprietary discovery materials and information that are produced in connection with the above-captioned civil action pending before this Court.

**NOW THEREFORE**, for good cause shown and pursuant to the stipulation of the Parties, the Court HEREBY ORDERS AS FOLLOWS:

1

1. <u>Definitions</u>:

    a. "Civil Action" means *Roeder v. Collection Bureau of the Hudson Valley, Inc.*, Civil Action No. 7:20-cv-06200-PMH in the United States District Court for the Southern District of New York.

    b. "Discovery Material" means all documents produced in the course of discovery, all Answers to Interrogatories, all Responses to Requests for Production of Documents, all deposition testimony and deposition exhibits, all expert designations and expert reports, and all other information or documents produced during the course of discovery.

    c. "Party" means any party to this Civil Action, including its officers, directors, employees, consultants, retained experts, and outside counsel, and their support staff.

    d. "Producing Party" means any Party that discloses or produces Discovery Material in this Action.  A third party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order ("Order") as any Party to this Action.  A third party's use of this Order to protect its Protected Material does not entitle that third party to gain access to Protected Material produced by any Party or other third party in this Action.

    e. "Protected Material" means Discovery Material that is designated as "CONFIDENTIAL" as provided in this Order.  Protected Material shall not include: (1) materials that have been published to the general public or are

otherwise in the public domain; (2) information that, after disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or any violation of law; (3) information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source that obtained the information lawfully and under no obligation of confidentiality; (4) information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the information designated by a Producing Party under this Order; or (5) documents or testimony for which confidentiality was waived by the Producing Party's purposeful use in open court or any non-confidential filing in connection with the appeal of the judgment rendered in this case.

  f. "Receiving Party" means any Party receiving Discovery Material from a Producing Party.

  2. <u>Scope of Order.</u>  This Order shall govern the use and disclosure of all alleged personal, financial, confidential, proprietary, or trade secret information ("Confidential Information") produced by, or on behalf of, any Party or furnished by any person associated with any Party in any pleading, deposition, interrogatory, request for admission, document production, subpoena, deposition, or any other disclosure or discovery proceeding in this Civil Action until order of this Court.  By way of example, Confidential Information may include, without limitation, information related to: client information; financial information; caller data; and business and marketing plans and information.  Any Confidential Information produced in discovery shall only be used for the purposes of preparing for, and conducting, this Civil Action (including any appeals

or retrials) and only as provided in this Order.  This Order also applies to information obtained from third parties by way of subpoena, and such third parties may avail themselves of the protections and procedures set forth in this Order, provided they agree to be bound by this Order.

3. <u>Confidentiality Designations</u>.  Any Party, person, or entity producing information in this action may designate any document, information, thing, or discovery response as protected by marking it at, or before, the time of production or exchange with the legend "CONFIDENTIAL."  If it is impracticable to mark something with such a legend (*e.g.*, information contained on a computer hard drive), the designation may be made in writing.  Such designations may also be made in the course of depositions.

    a. All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes: (a) sensitive business, personal, or financial information; or (b) information subject to a legally protected right of privacy.  "Confidential" documents include but are not limited to:

        i. Caller data.

        ii. Documents related to marketing or business strategies.

        iii. Documents related to financial information.

4. <u>Undertaking</u>.  Any documents or materials marked "CONFIDENTIAL" shall be held in confidence by each person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal of the Civil Action; shall not be used for any personal, business, or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein.  All documents or materials so marked shall be carefully maintained in secure facilities and access to such

information, document, material, item, or thing shall be permitted only to persons properly having access thereto under the terms of this Order.

    5.    <u>Manner of Designation.</u>

        a.    The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to them, in a manner that shall not interfere with their legibility, the words "CONFIDENTIAL" on all or any part of the documents or things. Wherever practicable, the designation of "CONFIDENTIAL" shall be made prior to, or contemporaneously with, production or disclosure. Documents or information designated as "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 13 below. Counsel has the ability de-designate any document or information it has labeled as "CONFIDENTIAL" prior to filing.

        b.    All deposition transcripts in this action shall be treated by all parties as provisionally protected as "CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcripts (unless a longer period is agreed to in writing between counsel for all of the parties). Within the fourteen (14) day period, any party may designate particular portions of a transcript as "CONFIDENTIAL" information by giving written notice of such designation to every other party to the action. To the extent possible, the party making the designation shall be responsible for assuring those

portions of the deposition transcript and exhibits designated "CONFIDENTIAL" are appropriately bound by the reporter. The parties should avoid designating entire transcripts as "CONFIDENTIAL." Where only a portion thereof or the exhibits used therewith qualify for protection under this Protective Order; to the extent reasonably practicable, only such portions or exhibits should be designated. Failure of a party to so designate any particular portion of the transcript establishes that such portion is not subject to this Protective Order; however, deposition exhibits that were previously designated as CONFIDENTIAL" shall retain any such designations.

6. Use and Access of Confidential Information.

    a. CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

        (i) The Court, or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action; and

        (ii) Counsel for the parties (including without limitation, counsel for all of the parties in the Civil Action and in-house counsel for the parties) and their paralegals, law clerks, and clerical staff who are providing active assistance with this Civil Action; and

(iii) The parties to this Civil Action, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation; and

(iv) Any person testifying at a deposition, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation; and

(v) Any expert, consultant or technical advisor retained or employed by any party for the purposes of this action, provided that said experts, consultants or technical advisors have executed a certification in accordance with Paragraph 8 below; and

(vi) Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that any such person has executed a certification in accordance with Paragraph 8 below.

7. <u>Disclosure to Consultants, and Technical Advisers and Certification of Confidentiality</u>. Before giving any consultant or technical adviser access to information, documents, or things designated as "CONFIDENTIAL," the parties' counsel who seeks to disclose such information to such witness, consultant, or technical adviser shall require the witness, consultant, or technical adviser to read and agree to be bound by this Protective Order by signing a certification in the form set forth in Exhibit 1 attached hereto.

The terms "technical adviser" and "consultant" shall mean any person including but not limited to a proposed consulting expert witness or trial/jury consultant, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case or the

Civil Action for the preparation or trial thereof; provided, however, that no party, or person currently employed by a party, or person currently employed by any competitor of a party, shall so qualify hereunder.  If a party desires to: (a) hire a "technical advisor" or a "consultant" who is currently employed by any competitor of a party; and (b) provide the "technical advisor" or a "consultant" with Confidential Information that has been produced by another party or third party, the party seeking to hire the "technical advisor" or a "consultant" shall first notify all other parties or affected third parties in writing, and the notification shall include the name, address, and employer of the proposed "technical advisor" or a "consultant", and shall be delivered via Overnight Mail.  If the parties and/or any affected third parties are unable to agree within five (5) business days after receipt of the written notice required by this Paragraph whether providing Confidential Information to such "technical advisor" or "consultant" is permissible, then the party opposing the provision of such Confidential Information may, within ten days after the expiration of the aforementioned five-day period, file a motion with the Court seeking a ruling that Confidential Information may not be provided to such "technical advisor" or "consultant" or that Confidential Information may only be provided to such "technical advisor" or "consultant" subject to certain conditions.  Until a motion is filed and resolved by the Court, all Confidential Information shall be handled as otherwise prescribed in this Order.  Failure to file a motion within the time period prescribed by this Paragraph shall constitute a waiver of the right to challenge the provision of Confidential Information to such a "technical advisor" or "consultant", provided however, that all such Confidential Information provided to such a "technical advisor" or "consultant" shall be handled in accordance with the terms of this Order.  For purposes of this Paragraph, the term "witness" includes a testifying expert.

8. <u>Safeguarding Confidential Information</u>.  The recipient of any "CONFIDENTIAL" material provided pursuant to this Protective Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody, and use, so long as it remains so designated.

9 <u>Filing Procedures</u>.  Whenever a party wishes to file information designated as "CONFIDENTIAL", the party must follow the procedures set forth in the Local Rules.  In preparing filings with the Court, the parties shall endeavor to avoid including "CONFIDENTIAL" materials in its filings to the extent it is feasible to do so.  The parties are encouraged to consider alternative means of protecting sensitive information, such as redacting or using abbreviations to protect the sensitive portions of documents to be filed with the Court.  In the event "CONFIDENTIAL" information is included with, or the contents thereof are included or part of any pleading, motion, deposition transcript, or other paper filed with this Court, such information shall be filed with a Motion to File Under Seal as required under the Local Rules.  Unless otherwise ordered by the Court, in the event that "CONFIDENTIAL" material is used or disclosed in any hearing or at trial, that portion of the hearing or trial proceedings at which such material is disclosed shall be closed to the public and such material shall not lose its protected status by reason of such use or disclosure.  If any person fails to file protected documents, things, or information under seal, the party or non-party claiming confidentiality for the documents, things, or information, or any part thereof, may request that the Court place the filing under seal pursuant to the Local Rules.  The Court reserves the right to unseal any materials that it deems to have been filed under seal improperly or to deny any motion to seal pursuant to the Local Rules.  The filing of a Motion to File under Seal shall not be deemed an admission by any party that the materials were properly designed "CONFIDENTIAL."

10. <u>Final Disposition</u>.  Within forty-five (45) days of the conclusion of the Civil Action, including any appeals, all "CONFIDENTIAL" information furnished pursuant to the terms of this Protective Order, any notes reflecting Confidential Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials.

11. <u>No Presumption of Protected Status</u>.  This Protective Order neither addresses discovery objections nor precludes any party from moving for any relief or protection cognizable under the Federal Rules of Civil Procedure or this Court's inherent powers.

12. <u>Challenging Confidential Designation</u>.  A Party may oppose the designation of Confidential Information at any time before trial by notifying the opposing party in writing.  Such a writing shall specify each designation being challenged and set forth the reasons supporting each challenge.  If a Party opposes the designation of any particular document designated as "CONFIDENTIAL", the parties shall attempt to resolve the dispute by agreement.  If the parties are unable to resolve the dispute within five (5) business days after receiving written notice of the dispute, then the designating party may, within ten days after the expiration of the aforementioned five-day period, file a motion with the Court seeking the Court's approval of the designation.  The burden remains on the designating party to demonstrate that the material in question warrants protection as "CONFIDENTIAL" materials described in Paragraph 3 of this Order.  Until a motion is filed and resolved by the Court, all documents and materials with respect to which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing party as prescribed in this Order.  Failure to file a motion within the

time period prescribed by this Paragraph shall constitute a waiver of the confidential designation that has been challenged and unresolved.

13. Modification of Order. Nothing in this Order shall preclude any Party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the Parties involved shall make a good faith effort to resolve the matter by agreement. Furthermore, the Parties may agree among themselves, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order, and the parties may agree on protections and procedures that differ from those set forth in this Order. Notwithstanding the foregoing, the Parties shall not take any action to disclose Confidential Information of third parties without first obtaining the written consent of the third party that produced such Confidential Information.

14. Inadvertent Production.

    (a) The inadvertent production during discovery by any party of any document or communication that is protected by privilege, work product doctrine, common interest or joint defense privilege, or statutory confidentiality will not operate as a waiver of the producing party's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the party producing it on timely written demand identifying the specific document(s). The parties shall have the right to clawback any documents that are protected by privilege, work product doctrine, common interest or joint defense privilege, or statutory confidentiality to the extent the parties produced such documents in connection with responses to discovery

requests and any such material shall be returned promptly to the party producing it on timely written demand identifying the specific document(s), subject to the understanding that the more extensive a request for the return of materials, the longer it will take to return them.  A Party may oppose the designation of material as protected by privilege, work product doctrine, common interest or joint defense privilege, or statutory confidentiality at any time before trial by notifying the designating party in writing.  Such a writing shall specify each designation being challenged and set forth the reasons supporting each challenge.  The parties shall attempt to resolve the dispute by agreement.  If the parties are unable to resolve the dispute within five (5) business days after receiving written notice of the dispute, then the designating party may, within ten days after the expiration of the aforementioned five-day period, file a motion with the Court seeking the Court's approval of the designation.  The burden remains on the designating party to demonstrate that the material in question warrants protection as being protected by privilege, work product doctrine, common interest or joint defense privilege, or statutory confidentiality.  Until a motion is filed and resolved by the Court, all documents and materials with respect to which a confidential designation is being challenged shall be treated in the privileged manner that they have been designated by the producing party as prescribed in this Protective Order.  Failure to file a motion within the time period prescribed by this Paragraph shall constitute a waiver of the designation that has been challenged and unresolved.

   (b) Any information, document, or thing mistakenly produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by the producing party as "CONFIDENTIAL" at any time pursuant to the terms of this Paragraph without waiving the confidential nature of the document or information. In each such case, the designating person shall provide to all other parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this Paragraph.

  15. <u>Continuing Jurisdiction</u>. Unless superseded by later order, this Protective Order shall remain in full force and effect after the termination of this litigation and the Court shall retain jurisdiction over the Parties, their attorneys, and all other persons to whom Confidential Information has been disclosed for the purposes of enforcing the terms of this Order and/or redressing any violations thereof.

  16. <u>Non-Parties.</u> The existence of this Order shall be disclosed to any non-party producing documents or information in this action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order. By availing themselves of the protections of this Order, such non-parties consent to the jurisdiction of this Court for purposes of enforcing the terms of this Protective Order only.

  17. <u>Exclusions.</u> The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" shall not apply to:

    a.    Any information, document, or thing which at the time of disclosure to a receiving party is in the public domain unless the document was redacted for confidentiality.  In the event the document was redacted for confidentiality but produced without redactions, the redactions should be treated as "CONFIDENTIAL" howsoever the document is produced; or

    b.    Any information, document, or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

18.    <u>Time Periods</u>.  Anywhere in this Order that a time frame is given, the parties may request that the Court shorten or lengthen the time provided, depending upon the circumstances. The parties also may alter any such time periods by mutual agreement of the parties.

STIPULATED AND AGREED TO BY THE PARTIES.

Dated: September 29, 2020

By:  /s/ *Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*s/Arthur Sanders*

asanders@bn-lawyers.com
BARRON & NEWBURGER, P.C.
30 South Main Street
New City, NY  10956
Telephone:  845-499-2990
Attorneys for defendant

**IT IS SO ORDERED** this \_\_1st\_\_ day of \_\_October\_\_, 2020.


_____
Judith C. McCarthy
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ADAM ROEDER**, individually and on behalf of all others similarly situated,<br><br>      *Plaintiff*,<br><br>v.<br><br>**COLLECTION BUREAU OF THE HUDSON VALLEY, INC.**,<br><br>      *Defendant*. | Case No. 7:20-cv-06200-JCM |

### UNDERTAKING REGARDING CONFIDENTIALITY

The undersigned individual hereby certifies that they have read the foregoing Stipulated Protective Order (hereinafter "Protective Order"), understand the terms thereof, and agreed to be bound thereby personally if receiving Confidential Information as defined by the Protective Order in the course of the above-captioned litigation.

The undersigned acknowledges that breach of the Protective Order shall be actionable by any aggrieved party to the Civil Action as defined in the Protective Order that is the subject of the foregoing Protective Order, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement for the Protective Order and/or relief, including damages, for its breach.

Promptly upon termination of this Civil Action, I will return all Confidential Information which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party supplying the Confidential Information to me.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date:_____     Signature: _____

                                                                        Printed Name:_____