THE LAW OFFICES OF
# STEFAN COLEMAN, P.A.

PHONE (877) 333-9427 | FAX (888) 498-8946                     NEW YORK | NEW JERSEY | FLORIDA
EMAIL: LAW@STEFANCOLEMAN.COM                                              CLASSACTION.WS

*ELECTRONICALLY FILED AND SERVED VIA CM/ECF*
December 8, 2020

Hon. Judith C. McCarthy
Federal Building & United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re: *Roeder v. Collection Bureau of the Hudson Valley, Inc.*
        Case No. 7:20-cv-06200-JCM

Dear Judge McCarthy:

    The Court should deny Defendant Collection Bureau of the Hudson Valley's request to file a motion to dismiss and/or a motion to stay.

    Plaintiff Roeder sued Defendant for violations of section 227(b)(1)(a)(iii) of the Telephone Consumer Protection Act which prohibits, among other things, unwanted pre-recorded calls to cellular phone numbers.  Defendant requests leave to move to dismiss Plaintiff's Complaint, arguing that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction, and/or to stay the case pending the Supreme Court's ruling as to the meaning of the term "automatic telephone dialing system" in the TCPA.

    Specifically, with regard to the motion to dismiss Defendant intends to argue that the Supreme Court's holding in *Barr v. American Association of Political Consultants, Inc.*, that "the 2015 government-debt exception created an unconstitutional exception to the 1991 robocall restriction," 140 S. Ct. 2335, 2348 (2020), rendered the entire robocall restriction unenforceable for the time the government-debt exception was in effect. In essence, Defendant contends that it is as if

THE LAW OFFICES OF
STEFAN COLEMAN, P.A.

the 1991 robocall ban did not exist between 2015 and 2020, eliminating all liability for robocalls made in the last five years.  Defendant's motion must be denied. In *AAPC*, the Supreme Court applied longstanding severability principles to conclude that "the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government debt-exception must be invalidated and severed from the remainder of the statute." *Id.* at 2343. Seven Justices concurred in the severability discussion, which made clear that while "no one should be penalized or held liable for making robocalls to collect government debt" between 2015 and 2020, "our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." *Id.* at 2355 n.12. This mandate is consistent with well-established severability law and has been followed by the majority of courts. Defendant intends to urge the Court to ignore this mandate and instead adopt the reasoning of the two district courts that misconstrued *AAPC*.

To be clear, Defendant is not being sued for placing calls to collect government debt that they thought were exempted from the TCPA. As stated in Justice Kavanaugh's plurality opinion, "[c]onstitutional litigation is not a game of gotcha against Congress, where litigants can ride a discrete constitutional flaw in a statute to take down the whole, otherwise constitutional statute." *AAPC*, 140 S. Ct. at 2351. That is precisely what Defendant seeks to accomplish with its motion, and the Court should decline Defendant's invitation to ignore binding Supreme Court precedent. Plaintiff therefore requests that the Court deny Defendant's request motion.

With regard to the motion to stay, there is no basis to stay the case pending the Supreme Court's determination of what constitutes an "automatic telephone dialing system" under the TCPA

THE LAW OFFICES OF
# STEFAN COLEMAN, P.A.

because Plaintiff's claim under the robocall provision arises from Defendant's calls made using a prerecorded voice, which does not require proof that an automatic telephone dialing system was used. 47 U.S.C. § 227(b)(1)(A)(iii). Regardless of what the Supreme Court determines constitutes an automatic telephone dialing system, it will not impact Plaintiff's claim under the TCPA's robocall provision which is based exclusively on Defendant's use of a prerecorded voice. There is therefore no prospective reason to stay this matter, and Defendant's motion should be disallowed.

                                                 Respectfully submitted,

                                                 *s/ Stefan Coleman*
                                                 Stefan Coleman
                                                 law@stefancoleman.com
                                                 LAW OFFICES OF STEFAN COLEMAN, P.A.
                                                 11 Broadway, Suite 615
                                                 New York, NY 10001
                                                 Telephone: (877) 333-9427
                                                 Facsimile: (888) 498-8946

                                               Avi R. Kaufman
                                               kaufman@kaufmanpa.com
                                               KAUFMAN P.A.
                                               400 NW 26th Street
                                               Miami, FL 33127
                                               Telephone: (305) 469-5881
                                               *Attorneys for Plaintiff and the putative Classes*

cc:     All Counsel (via ECF)