UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
ADAM ROEDER, individually, and on
behalf of all others similarly situated

                             Plaintiff,
    -against-

                                          DOCKET NO. 20-cv-6200

COLLECTION BUREAU OF THE HUDSON
VALLEY, INC., A New York corporation,

                             Defendant.
-----------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

**ARTHUR SANDERS, ESQ.
BARRON & NEWBURGER, P.C.**
Attorney for defendant
30 South Main Street
New City, NY  10956
845-499-2990

# TABLE OF CONTENTS

|     |     | PAGE |
| --- | --- | --- |
| I. | INTRODUCTION | 1 |
| II. | UNDERLYING FACTS | 2 |
| III. | THE COURT LACKS JURISDICTION OVER THE CLAIMS IN THIS LAWSUIT | 3 |
| IV. | THE SUPREME COURT IN AAPC HELD THAT § 227(b)1)(A)(iii) WAS UNCONSTITUTIONAL BUT PRESERVED THE BALNCE OF THE TCPA BY SEVERING THE EXECEPTION FOR GOVERNMENT-DEBT | 4 |
| V. | SINCE § 227(b)(1)(iii)(A) WAS UNCONSTITUTIONAL WHEN THE CLAIMED VIOLATIONS IN THIS CASE OCCURRED, THIS CASE MUST BE DISMISSED | 6 |
| VI. | CONCLUSION | 10 |

# TABLE OF STATUTES

|     | **PAGE** |
| --- | --- |
| U.S. Constitution, Article III, Sec. 2 | 3 |
| 47 U.S.C. § 227(b)(1)(A)(iii) | 1-10 |
| 47 U.S.C. § 227 ("TCPA") | 1 |
| FRCP 12(b)(1) | 3 |

# TABLE OF AUTHORITIES

| | PAGE |
|---|---|
| *Barr v. American Association of Political Consultants, Inc.,* 140 S. Ct. 2335, 2346 (2020) | 2, 3, 4, 5, 6, 7, 9, 10 |
| *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.,* 2020 U.S. Dist. LEXIS 236577 (M.D. Fl. Dec. 11, 2020). | 9 |
| *Creasy v. Charter Commc'ns., Inc.,* 2020 Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020) | 7, 8, 9 |
| *Duquid v. Facebook, Inc.,* 926 F.3d 1146 (9th Cir. 2019) | 10 |
| *Ex parte Siebold,* 100 U.S. 371, 377 (1880) | 3 |
| *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) | 3 |
| *Lindenbaum v. Realgy,* 2020 U.S. Dist. LEXIS, (N.D. Ohio Oct. 29, 2020 | 8, 9 |
| *Marbury v. Madison,* 5 U.S. 137, 138 (1803) | 1 |
| *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004) | 3 |
| *SEC v. Med. Comm. For Human Rights,* 404 U.S. 403, 407 (1972) | 3 |
| *Shen v. Tricolor Cal. Auto Grp., LLC,* 2020 U.S. Dist. LEXIS 237582 (C.D. Cal. Dec. 17, 2020) | 10 |
| *United States v. Baucum,* 80 F.3d 539, 540-41 (D.C. Cir. 1996) | 3 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
ADAM ROEDER, individually, and on
Behalf of all others similarly situated,

                                Plaintiff,
    -against-

                                                                                     DOCKET NO. 20-CV-6200

COLLECTION BUREAU OF THE HUDSON
VALLEY, INC., a New York Corporation,

                                Defendant.
------------------------------------------------------x

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(1)**

Defendant files this Memorandum of Law in support of its motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of Civil Procedure.

## I. INTRODUCTION

It is a fundamental axiom of the law that "an act of congress repugnant to the constitution cannot become a law." *Marbury v. Madison*, 5 U.S. 137, 138 (1803). Yet Plaintiff by this action is asking this Court to enforce a law that was unconstitutional at the time of the conduct that forms the basis for this action.

        Plaintiff has sued CBHV for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and specifically for violations of 47 U.S.C. § 227(b)(1)(A)(iii). (Complaint, ¶¶ 3 and 5). This Court does not have jurisdiction over a

lawsuit based upon an unconstitutional law—§ 227(b)(1)(A)(iii).

On July 6, 2020, the United States Supreme Court in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) ("*AAPC*") held that 47 U.S.C. § 227(b)(1)(A)(iii) was unconstitutional as a content-based suppression on speech since it exempted, and thereby favored, government-debt from the restrictions on robocalls contained in § 227(b)(1)(A)(iii). The Supreme Court severed the language from 47 U.S.C. § 227(b)(1)(A)(iii) that favored government-debt but left the remainder of § 227(b)(1)(A)(iii) intact. Since Plaintiff's Complaint arises out of purported violations of an unconstitutional law—47 U.S.C. § 227(b)(1)(A)(iii)—this Court does not have jurisdiction over this claim and this Complaint must be dismissed.[1]

## II.   UNDERLYING FACTS

Plaintiff alleges a total of three calls in violation of § 227(b)(1)(A)(iii) were placed by CBHV to his cellular telephone. The first call attributed to CBHV was received "in late December 2019 or January 2020". (Complaint, ¶ 24). The second call was received on May 26, 2020. (Complaint, ¶ 28)  The third and last call was received on June 2, 2020. (Complaint, ¶ 31)  These dates are important since the ruling by the Supreme Court in *AAPC* severing the unconstitutional language from § 227(b)(1)(A)(iii) was not issued until July 6, 2020. As a result, there can be no dispute that Plaintiff's claims are based on a law that was subsequently determined by the

---

[1] Because CBHV is not challenging the constitutionality of 47 U.S.C. § 227(b)(1)(A)(iii) by this Motion since the Supreme Court has already determined that it was unconstitutional, it believes that Federal Rule of Civil Procedure does not apply to this filing and no notice of constitutional challenge is required. If the Court determines otherwise, Collection Bureau will promptly file such a notice.

Supreme Court to be unconstitutional at the times that each of the three calls were purportedly made to Plaintiff by CBHV.

### III. THE COURT LACKS JURISDICTION OVER THE CLAIMS IN THIS LAWSUIT.

Dismissal is proper in this case under Rule 12(b)(1) since the Court lacks subject matter jurisdiction. A motion to dismiss for lack of subject-matter jurisdiction asks a court to determine whether it has the constitutional power to adjudicate the case and may constitute "either a facial attack or a factual attack." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack, such as is the case here, exists where the challenge is based solely upon the allegations in the Complaint and the Court presumes the facts in the Complaint are true. *Id.* In either case, the plaintiff bears the burden of establishing subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)

The Constitution limits the federal judicial power to designated "cases and controversies." U.S. Const., Art. III, § 2. "it is well settled that federal courts may act only in the context of a justiciable case or controversy." *SEC v. Med. Comm. For Human Rights*, 404 U.S. 403, 407 (1972). The Supreme Court has long held that "if the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1880). See also *United States v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]").

### IV. THE SUPREME COURT IN *AAPC* HELD THAT § 227(b)(1)(A)(iii) WAS UNCONSTITUTIONAL BUT PRESERVED THE BALANCE OF THE TCPA

**BY SEVERING THE EXCEPTION FOR GOVERNMENT-DEBT.**

Prior to 2015, § 227(b)(1)(A)(iii) prohibited a person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a ...cellular telephone service."

In 2015, Congress amended § 227(b)(1)(A)(iii) to permit such robocalls to be made to collect debts owed to or guaranteed by the federal government only whereas non-government debt robocalls had no such exception. The Supreme Court in *AAPC* determined that § 227(b)(1)(A)(iii) that this exception was an unconstitutional content-based restriction on speech since it treated speech to collect a debt issued or guaranteed by the federal government more favorably than other forms of speech. 140 S. Ct. at 2347. Rather than throw the baby out with the bathwater, the Supreme Court severed the offending government-debt exception and left the remainder of the TCPA and specifically § 227(b)(1)(A)(iii) in place.

The *AAPC* holding only addressed the constitutionality of § 227(b)(1)(A)(iii) and whether the offending language could be severed in order to save the remainder, i.e. the pre-2015 version of that section of the TCPA. The Supreme Court majority did not address the viability of § 227(b)(1)(A)(iii) from 2015 through July 6, 2020—the period that the law was unconstitutional—although two non-binding alternatives were raised by Justices Kavanaugh and Gorsuch in separate opinions from the majority. The majority of the court in its several plurality opinions only concluded that the entirety of § 227(b)(1)(A)(iii) should not be invalidated but only the

government-debt exception to the robocall restrictions would be severed from the rest of the statute.

Justice Kavanaugh writing for himself and two other justices in *AAPC* stated in footnote 12 of the opinion: "As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of the final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate…On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." *AAPC*, 140 S. Ct. at 2355. It is significant that this comment was only endorsed by three of the Supreme Court justices—Justices Kavanaugh, Alito and Roberts—and not the majority.

On the other hand, Justices Gorsuch and Thomas noted that footnote 12 was merely a "suggestion" that would not be binding on other courts. In Justices Gorsuch and Thomas opinion, § 227(b)(1)(A)(iii) was unconstitutional from 2015 when the government-debt exception was added until July 6, 2020 when the Supreme Court in *AAPC* cured the issue by severing the government-debt exception. Justices Gorsuch and Thomas observed that "by shield[ing] *only* government-debt collection callers under an admittedly unconstitutional law, [the comments in footnote 12] wind up endorsing the very same kind of content discrimination" severance is "seeking to eliminate." *Id.* at 2366. [Emphasis in original.]

In other words, there was no valid constitutional basis to enforce § 227(b)(1)(A)(iii) against non-government-debt robocallers prior to the holding in *AAPC*

5 | P a g e

although government-debt robocallers were excepted from liability. Since it is patently unconstitutional to favor one group of robocallers over another as the Supreme Court held in *AAPC*, the only logical approach is that either **no** robocallers should be liable under § 227(b)(1)(A)(iii) during the period from the 2015 amendment until July 6, 2020 or, in the alternative, the severance of the government-debt exception should be retroactive and **all** robocallers including government-debt robocallers would be liable for violations of § 227(b)(1)(A)(iii) during that period. Since, as Justice Kavanaugh presumably recognized by his comments in footnote 12, it would be inappropriate and a likely violation of due process to hold the government-debt robocallers retroactively liable, the only consistent and reasonable alternative is to treat **all** robocallers equally during the 2015 to July 6, 2020 period and apply the exception added by Congress in 2015 to **all** robocallers.

The comments by Justices Kavanaugh and Gorsuch mirror the issues raised by this Motion. Justice Kavanaugh took the position in footnote 12 that claims against any other persons other than collectors of government-debt remained viable despite acknowledging that the § 227(b)(1)(A)(iii) was unconstitutional during that period while Justice Gorsuch argued that § 227(b)(1)(A)(iii) was clearly unconstitutional and that the severance only cured the viability of § 227(b)(1)(A)(iii) prospectively from July 6, 2020.

V.  **SINCE § 227(b)(1)(A)(iii) WAS UNCONSTITUTIONAL WHEN THE CLAIMED VIOLATIONS IN THIS CASE OCCURRED, THIS CASE MUST BE DISMISSED.**

To date, there have been no known Circuit Court of Appeals holdings on the effect of the severance of the government-debt collection exception since *AAPC*

was decided nor have any decisions on that issue made by any district court in the Second Circuit. However, district courts in other circuits have reached contradictory results on the issue.

Three district courts, following a careful analysis of the issues, have agreed that the conclusion reached by Justices Gorsuch and Thomas on the severance issue makes the most sense.

*Creasy v. Charter Commc'ns., Inc.*, 2020 Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020) involved the same issues as confronted CBHV here. There, as here, Charter Communications was sued for claimed violations of § 227(b)(1)(A)(iii) during the period that the government-debt exception was in effect. The *Creasy* court granted Charter Communications' motion to dismiss and concluded that "Justice Gorsuch's is the better argument as a matter of law and logic. Congress's 2015 enactment of the government-debt exception rendered § 227(b)(1)(A)(iii) an unconstitutional content-based restriction on speech. In the years preceding Congress's addition of the exception, § 227(b)(1)(A)(iii) did not discriminate on the content of robocalls...Likewise, now that *AAPC* has done away with the offending exception, § 227(b)(1)(A)(iii) figures to remain good law in the years to come. However, in the years in which § 227(b)(1)(A)(iii) permitted robocalls of one category of content (government-debt collection) while prohibiting robocalls of all other categories of content, the *entirety* of the provision was, indeed, unconstitutional. That fact deprives the Court of jurisdiction over much of this action." *Id.* at *4. [Emphasis in original]

The *Creasy* court relied upon long standing law in reaching that decision. As it stated: "Of particular significance here is the timeless principle that '[a]n unconstitutional law is void, and is as no law.' ... '[W]hat a court does with regard to

an unconstitutional law is simply to ignore it.  'It decides the case *disregarding the [unconstitutional] law,*' because a law repugnant to the Constitution is 'is void, and is as no law.'  …That principal colors many doctrines, but as relevant here, it suggests that—in the vast run of scenarios—a speaker should not be punished for engaging in speech that was restricted in an unconstitutional fashion." *Id.* at *7.  [Emphasis in original.]

The *Creasy* court further observed that "the *entirety* of the pre-severance version of § 227(b)(1)(A)(iii) *is* void because it *itself* was repugnant to the Constitution before the Supreme Court restored it to constitutional health in *AAPC*." *Id.* at *13.  [Emphasis in original.]

The *Creasy* court concluded:  "In any event, the unconstitutional *amended* version of § 227(b)(1)(A)(iii) is what applied to Charter at the time of the challenged communications at issue, and that fact deprives the Court of subject matter jurisdiction to adjudicate Charter's liability with regard to such communications." *Id.* at *14-15.  [Emphasis in original.]

Subsequent to *Creasy*, the same issue was again addressed in *Lindenbaum v. Realgy*, 2020 U.S. Dist. LEXIS, (N.D. Ohio Oct. 29, 2020).  The *Lindenbaum* court noted that "[t]he fact remains that at the time the robocalls at issue in this lawsuit were made, the statute could not be enforced as written.  And, a later amendment to a statute cannot be retroactively applied.  …It would be an odd result to say the least if the judiciary could accomplish by severance that which Congress could not accomplish by way of amendment." *Id.* at *18.

With that in mind, the *Lindenbaum* court concluded:  "Although the

plurality opinion [in *AAPC*] characterizes the case as involving 'equal treatment,' the fact remains that at the time defendants engaged in the speech at issue, defendant was subject to an unconstitutional content-based restriction. The Court cannot wave a magic want and make that constitutional violation disappear. Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter." *Id.* at 19-20.

Most recently, the issue was addressed again in *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, 2020 U.S. Dist. LEXIS 236577 (M.D. Fl. Dec. 11, 2020). *Hussain* followed the reasoning in *Creasy* and *Lindenbaum* and also held that, because § 227(b)(1)(A)(iii) was unconstitutional at the time of the alleged violations, it was "without authority to enforce an unconstitutional statute [since] the Court lacks subject matter jurisdiction over this action." *Id.* at *8.

It is undisputed that there have been holdings by district courts on this issue that are contrary to *Creasy, Lindenbaum* and *Hussain*, however, none of those cases analyzed the severance issues raised by Justices Gorsuch and Thomas in *AAPC* but rather simply noted that the unconstitutional government-debt exception was severed without actually addressing the application of § 227(b)(1)(A)(iii) during the period that the section impermissibly favored government-debt over non-government-debt and other interests. Just as Justice Gorsuch feared, those courts have in effect endorsed the content discrimination created by the government-debt exception by exposing non-government-debt callers to liability during that same period that government-debt robocallers have been excepted from liability for exactly the same conduct.

For an example of a district court that has upheld claims for violations of

§ 227(b)(1)(A)(iii) during the period that the government-debt exception was in play, see *Shen v. Tricolor Cal. Auto Grp., LLC*, 2020 U.S. Dist. LEXIS 237582 (C.D. Cal. Dec. 17, 2020). The *Shen* court denied a motion to dismiss a claim for violations of § 227(b)(1)(A)(iii) that arose prior to the ruling in *AAPC*. Relying on a Ninth Circuit holding in *Duquid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019) that determined the government-debt exception was unconstitutional and should be severed without analyzing the application of § 227(b)(1)(A)(iii) during the period that it was unconstitutional—presaging the holding in *AAPC*—the *Shen* court felt compelled to follow the *Duquid* holding and held that the severance of the government-debt exception solved the constitutionality issues in § 227(b)(1)(A)(iii) without conducting any analysis of the implications of that holding as raised by Justice Gorsuch and that formed the basis for the *Creasy*, *Lindenbaum* and *Hussain* holdings. The cases cited in *Shen* in support of its holding also failed to address that *AAPC* only severed the unconstitutional government-debt exception—which ruling CBHV is not questioning here—while foregoing any analysis of the viability of § 227(b)(1)(A)(iii) while it was unconstitutional which analysis CBHV believes is fundamental when considering the viability of Plaintiff's claims in this case.

## VI.   CONCLUSION

There is no dispute that the Supreme Court in *AAPC* determined that § 227(b)(1)(A)(iii) of the TCPA was unconstitutional from 2015 when Congress amended the section to provide an exception for government-debt robocalls until July 6, 2020 when the Supreme Court in *AAPC* severed the government-debt exception and cured thereby the unconstitutionality of § 227(b)(1)(A)(iii). The issue here is whether the government-debt robocallers will continue to receive favorable treatment for the

period from 2015 to July 6, 2020 as compared to non-government-debt robocallers as Justice Kavanaugh suggested or whether all robocallers will be treated equally for their conduct during that period as Justice Gorsuch argued. Since it is recognized that it would be unfair and likely a violation of due process to hold government-debt robocallers retroactively liable for violations of § 227(b)(1)(A)(iii) while the exception was in place, all robocallers must be accorded equal rights and be equally excepted from any liability for any robocalls placed from 2015 to July 6, 2020.

Accordingly, it is respectfully requested that this Court grant this Motion to Dismiss since it is being asked to enforce an unconstitutional law and dismiss Plaintiff's Complaint without leave to amend.

Dated:  New City, NY
        January 8, 2021

_____
ARTHUR SANDERS, ESQ.
BARRON & NEWBURGER, P.C.
Attorneys for defendant
30 South Main Street
New City, NY  10956

TO:

AVI KAUFMAN, ESQ.
KAUFMAN, P.A.
Attorney for plaintiff
400 NW 26th Street
Miami, FL  33127

STEFAN LOUIS COLEMAN, ESQ.
LAW OFFICES OF STEFAN COLEMAN, LLC
Attorneys for plaintiff
5 Penn Plaza, 23rd Floor
New York, NY  10001