UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
ADAM ROEDER, individually, and on
behalf of all others similarly situated

       Plaintiff,

 -against-

              DOCKET NO. 20-cv-6200

COLLECTION BUREAU OF THE HUDSON
VALLEY, INC., A New York corporation,

       Defendant.
---------------------------------------------------------x

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

ARTHUR SANDERS, ESQ.
BARRON & NEWBURGER, P.C.
Attorney for defendant
30 South Main Street
New City, NY  10956
845-499-2990

# TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| I. | THERE IS NO DISPUTE THAT *AAPC* SEVERED THE UNCONSTITUTIONAL GOVERNMENT DEBT EXCEPTION FROM THE TCPA BUT THAT IS NOT THE ISSUE RAISED BY THIS MOTION TO DISMISS | 1 |
| II. | THE CASES CITED BY PLAINTIFF DO NOT ADDRESS THE ISSUE RAISED IN THIS MOTION | 5 |
| III | CONCLUSION | 6 |

# **TABLE OF STATUTES**

| | **PAGE** |
|---|---|
| U.S. Constitution, Article III, Sec. 2 | 3 |
| 47 U.S.C. § 227(b)(1)(A)(iii) | 1, 2, 3, 4 |

# **TABLE OF AUTHORITIES**

| | PAGE |
|---|---|
| *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) | 2, 3, 4, 5 |
| *Creasy v. Charter Commc'ns., Inc.*, 2020 Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020) | 4, 5 |
| *Harper v. Va. Dep't of Taxation*, 509 U.S. 86 (1993) | 5 |
| *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, 2020 U.S. Dist. LEXIS 236577 (M.D. Fl. Dec. 11, 2020). | 4, 5 |
| *Lindenbaum v. Realgy*, 2020 U.S. Dist. LEXIS, (N.D. Ohio Oct. 29, 2020 | 4, 5 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
ADAM ROEDER, individually, and on
Behalf of all others similarly situated,

        Plaintiff,
 -against-
                   DOCKET NO. 20-CV-6200

COLLECTION BUREAU OF THE HUDSON
VALLEY, INC., a New York Corporation,

        Defendant.
-------------------------------------------------------x

## I. THERE IS NO DISPUTE THAT *AAPC* SEVERED THE UNCONSTITUTIONAL GOVERNMENT DEBT EXCEPTION FROM THE TCPA BUT THAT IS NOT THE ISSUE RAISED BY THIS MOTION TO DISMISS.

  Plaintiff has missed the point raised by Defendant in its Motion to Dismiss. Defendant does not dispute that the Supreme Court in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) ("*AAPC*") held that 47 U.S.C. § 227(b)(1)(A)(iii) was unconstitutional as a content-based suppression on speech since it excepted, and thereby favored, government-debt from the restrictions on robocalls contained 47 U.S.C. § 227(b)(1)(A)(iii) or that the Supreme Court in *AAPC* resolved that issue by severing the government-debt exception from 47 U.S.C. § 227(b)(1)(A)(iii) thereby leaving the remainder of § 227(b)(1)(A)(iii) intact.

  The issue addressed by this Motion is whether Defendant should be subject to the restrictions of § 227(b)(1)(A)(iii) regarding any robocalls that it may have made during the same period when government-debt was not subject to those same restrictions. The Supreme Court in *AAPC* did not address that issue but rather

limited its holding to the constitutionality of the government-debt exception and the severance of the government-debt exception from § 227(b)(1)(A)(iii) without providing any guidance as to how the severance affects the various parties subject to § 227(b)(1)(A)(iii). That issue was only addressed by Justices Kavenaugh and Gorsuch in their separate opinions. Neither of those opinions was adopted by a majority of the Court in reaching its limited holdings.

Justice Kavanaugh stated: "Six members of the Court today conclude that Congress has impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment…Applying traditional severability principles, seven Members of the Court conclude that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute." 140 S.Ct. at 2343. Defendant does not question the validity of either holding by this Motion, however, it is clear that neither holding reflects Justice Kavanaugh's comments in footnote 12 of his opinion.

As discussed in Defendant's opening brief, Justice Kavanaugh stated in footnote 12 of the opinion: "As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of the final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate…On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." *AAPC*, 140 S. Ct. at 2355. This comment in footnote 12 was only joined by two other

justices—Justices Alito and Roberts—and not by the majority.

The problem with Justice Kavanaugh's comments in footnote 12 is that the collectors of government-debt would not be subject to the restrictions on robocalls contained in § 227(b)(1)(A)(iii) at the same time that other robocallers—such as Defendant—were limited by those restrictions. If it is accurate to say regarding unconstitutional language that "[o]nce severed, it is as if the amendment was never passed by Congress; the legal effect of a severed amendment is, therefore, necessarily retroactive" as Plaintiff argues in his Opposition at p.7, then how can it be rationalized that no government-debt collectors "should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception" and prior to *AAPC*. Either the unconstitutional exception was severed as if it never had existed as Plaintiff argues and collectors of government-debt are subject to liability for robocalls despite the unconstitutional 2015 amendment to § 227(b)(1)(A)(iii) or the exception remained in effect for government-debt collectors until the *AAPC* holding and despite the *AAPC* holding. Accordingly, Defendant—presumably being treated equally under the same law as the government-debt collectors—must also be excepted from liability for any robocalls that it may have made following the 2015 amendment and prior to the *AAPC* decision.

It is precisely that point that Justice Gorsuch made with Justice Thomas joining when he observed in a separate opinion that "by shield[ing] *only* government-debt collection callers under an admittedly unconstitutional law, [the comments in footnote 12] wind up endorsing the very same kind of content discrimination" severance is "seeking to eliminate." *Id.* at 2366. [Emphasis in original.] Justices Gorsuch and Thomas did not advocate that robocalls should not be regulated nor

does Defendant but they took the position that equal justice required that all robocallers be treated equally and fairly. Thus, Justice Gorsuch took the position that if government-debt collectors were excepted from liability for any robocall violations for the period from 2015 to the *AAPC* ruling, all debt collectors or any other persons making robocalls during that period must also be excepted from the restrictions of § 227(b)(1)(A)(iii). Defendant only wants to be treated equally and fairly under the law. The district courts in *Creasy v. Charter Commc'ns., Inc.*, 2020 Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020); *Lindenbaum v. Realgy*, 2020 U.S. Dist. LEXIS, (N.D. Ohio Oct. 29, 2020); and *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, 2020 U.S. Dist. LEXIS 236577 (M.D. Fl. Dec. 11, 2020) appreciated the inconsistency of Justice Kavanaugh's comments in footnote 12 that the government-debt was being unconstitutionally favored when it was not constrained by § 227(b)(1)(A)(iii) while all others were subject to its restrictions regarding robocalls, yet suggested that government-debt robocallers were not liable for violating § 227(b)(1)(A)(iii) while all other robocallers were subject to the restrictions contained in § 227(b)(1)(A)(iii).

The Supreme Court did not resolve this issue in *AAPC*. The most that can be said is that five of the nine Supreme Court justices are split 3-2 on this issue—Justices Kavanaugh, Alito and Roberts on one side and Justices Gorsuch and Thomas on the other—however, that is far from a clear indication of the Supreme Court would rule on this issue if it was presented to the Court despite Plaintiff's comments to the contrary in his Opposition.

Any suggestion by Plaintiff that Justices Kavanaugh's comments in footnote 12 of the *AAPC* decision represent the majority opinion of the Supreme Court

in *AAPC* are misguided. Only Justices Roberts and Alito joined with Justice Kavanaugh in his opinion that included footnote 12. Defendant as well as Justices Gorsuch and Thomas and the district courts in *Creasy, Lindenbaum* and *Hussain*, *supra,* only take issue with the enforcement of the restrictions on robocalls following the 2015 amendment as to some callers such as Defendant while simultaneously failing to enforce the same restrictions as to government-debt callers as Justice Kavanaugh urged in footnote 12 and not with the plurality holdings in *AAPC*.

Plaintiff's reliance on *Harper v. Va. Dep't of Taxation,* 509 U.S. 86 (1993) does not support his argument. The Supreme Court in *Harper* in language cited by Plaintiff to this Court held: "[o]ur approach to retroactivity heeds the admonition that 'the Court has no more constitutional authority in civil cases than in criminal cases to disregard current law or to treat similarly situated litigants differently." *Id.* at 97. Plaintiff Opposition at p. 8. [Emphasis added.] But that is exactly what Plaintiff asks this Court to do: while government-debt robocallers are excepted from liability for robocalls made from 2015 to 2020, he argues that Defendant and other robocallers should be bound by the those same restrictions on robocalls contained in § 227(b)(1)(A)(iii) during that same time period.

That position clearly violates equal treatment under the law and just as clearly should not be used to enforce his claims in this lawsuit.

## II.  THE CASES CITED BY PLAINTIFF DO NOT ADDRESS THE ISSUE RAISED IN THIS MOTION

The cases cited by Plaintiff do not even attempt to address the concerns raised by

Justice Gorsuch that it is inherently unfair to treat two different groups of callers differently for the same conduct especially when one group's standard was determined to be unconstitutional for exactly that reason—that it was receiving preferential treatment under the law. Those cases simply note—as does Plaintiff in his Opposition—that that the Supreme Court determined that the government-debt exception in § 227(b)(1)(A)(iii) was unconstitutional and that the exception was severed from the remainder of the TCPA leaving the TCPA and specifically § 227(b)(1)(A)(iii) otherwise intact . There is no discussion in those cases whether it is appropriate that collectors of non-government-debt should be treated differently for their robocalls from 2015 to 2020 than government-debt collectors, i.e. that robocallers during that time period are not liable for violations of § 227(b)(1)(A)(iii) while all other robocallers are, nor does Plaintiff claim that there is any such resolution of that issue in any of the cases that he has cited. Instead, Plaintiff ignores the issue as do the courts whose opinions that he has cited and simply falls back on the assumption that severing the unconstitutional language alone resolves the unequal treatment

It is respectfully submitted under the law issue when it does not. It just kicks the can down the street and avoids a proper resolution of the issue.

The district courts in *Creasy, Lindenbaum* and *Hussain , supra,* did address the issue raised by Justice Gorsuch that all persons making robocalls while § 227(b)(1)(A)(iii) was in effect prior to the AAPC holding should be treated equally and dismissed the TCPA claims for the period that was the 2015 amendment to § 227(b)(1)(A)(iii) was in effect. All that is asked is that this Court should enforce the law equally to Defendant as it would if presented with a government-debt case arising out of robocalls made prior to the holding in *AAPC*.

## III. CONCLUSION

That this Court grant this Motion to Dismiss.

Dated: New City, NY
       January 29, 2021

                                            _____
                                            ARTHUR SANDERS, ESQ.
                                            BARRON & NEWBURGER, P.C.
                                            Attorneys for defendant
                                            30 South Main Street
                                            New City, NY  10956

TO:

AVI KAUFMAN, ESQ.

KAUFMAN, P.A.

Attorney for plaintiff

400 NW 26th Street

Miami, FL  33127


STEFAN LOUIS COLEMAN, ESQ.
LAW OFFICES OF STEFAN COLEMAN, LLC
Attorneys for plaintiff
5 Penn Plaza, 23rd Floor
New York, NY  10001